# Exhibit 4

**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

December 15, 2017

Harry Sandick
(212) 336-2723
hsandick@pbwt.com

By Email Attachment

Joseph E. Borson, Esq.
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Joseph.borson@usdoj.gov

Re:   *Dunlap v. Presidential Advisory Comm'n on Election Integrity, et al.*, No. 17-cv-2361-CKK (D.D.C.)

Dear Mr. Borson:

We write on behalf of Maine Secretary of State Matthew Dunlap in the above-captioned case in response to your December 1 letter.

On November 17, the Court suggested the parties use the documents listed on *Vaughn*-type index from related litigation to clarify and, ideally, narrow the dispute over what documents to which Secretary Dunlap is entitled under FACA. Unfortunately, the exercise did not achieve its ostensible purpose, namely assisting the Court's determination of how to implement Secretary Dunlap's right to participate meaningfully in the Presidential Advisory Commission on Election Integrity ("Commission"). As we informed the Court in our reply brief, the issues before the Court remain unchanged from the date Secretary Dunlap filed his motion for preliminary injunction. Although the Court's impending decision on the existing record obviously may control and supersede further negotiations, we nevertheless recognize the value of the Court's suggested course of action. Accordingly, we write to continue our engagement with you on these issues.

We disagree with your assertion that our November 21, 2017 letter does not "reasonably narrow" Secretary Dunlap's request for documents necessary for him to meaningfully participate in the work of the Commission. We followed the Court's guidance and concretely identified which Commission documents listed on the *Vaughn*-type index should be provided to Secretary Dunlap.[1]

---

[1] *See* Nov. 17, 2017 Transcript at 16 (THE COURT: directing Secretary Dunlap to "look at some descriptions. If there's something that stands out [from the *Vaughn* index] that you think that Commissioner Dunlap thinks he's entitled to as part of what he should be able to get, then, you

As you recognize, our letter identifies fewer than 20 categories of documents that Secretary Dunlap seeks in whole or in part and explains why Secretary Dunlap is entitled to each category of documents. It is not burdensome for Defendants to provide a substantive written response to these requests, especially given Defendants' familiarity with these categories and the documents contained therein. Defendants defined these categories and have already developed explanations in other litigation for why they believe the public is not entitled to the documents. We renew our request that Defendants' either (1) agree to produce documents in these categories; or (2) explain why Defendants believe Secretary Dunlap is not entitled to those specific categories of documents. In order to minimize the burden on the government, we propose that these negotiations proceed on a step-by-step basis. While Appendix B to my November 21 letter—which specifies more than 100 documents and categories of documents—was developed and provided to as clearly as possible identify the documents Secretary Dunlap seeks, Defendants need not, at this time, provide a document-by-document response. A response to the categories in Appendix A will suffice as a first step.[2]

We understand that you and your colleagues had competing demands for your time in the days approaching your December 1, 2017 letter and we are amenable to proceeding on a schedule that takes this into account. At the same time, we do seek a substantive response to Secretary Dunlap's requests. The Court contemplated a process by which Secretary Dunlap would identify documents and categories of documents from the *Vaughn*-type index and Defendants would provide substantive responses to narrow the dispute. *See* Transcript at 17 ("[T]he Government can say yea or nay . . . tell me why not."); *id.* at 16 (THE COURT: "I would have a discussion with the Government as to why you can't get these or maybe you can. And if you think you're entitled to it, and they say 'no,' that's at least specific documents we can talk about."). By providing Appendix A and Appendix B, Secretary Dunlap fulfilled the first step of the negotiations and we now look forward to a substantive response from Defendants within a reasonable time period. We request that Defendants respond to our letter by or before Friday, December 22, which would be more than four weeks after the letter was sent to Defendants. We hope Defendants are willing to participate in good faith in the process suggested by the Court and provide more specific reasons for withholding the documents sought by Secretary Dunlap. Secretary Dunlap seeks only those documents to which he is entitled by law. *See Cummock v. Gore*, 180 F.2d 282 (D.C. Cir. 1999).

Finally, your proposal offering limited access to certain documents is unsatisfactory. First, your offer is limited to an undefined subset of documents, chosen by Defendants, that relate to the September 12, 2017 meeting. Secretary Dunlap is entitled to documents beyond those relating to the September meeting, including documents created earlier

---

know, you should ask the Government"); *id.* at 30 (THE COURT: "[Y]ou should identify . . . what documents or entries you're talking about . . ."); *id.* at 28 (THE COURT: instructing Secretary Dunlap to "be more particular about what categories" of documents he seeks).

[2] We reserve all rights as to the documents identified in Appendix B.

Joseph E. Borson, Esq.
December 15, 2017
Page 3

and relating to the Commission's June phone call and July meeting, among other topics. We hope you will consider broadening the documents that are subject to your offer. Second, providing a "peek" at these documents without permitting Secretary Dunlap to use the documents in any way will not facilitate Secretary Dunlap's meaningful participation in the Commission. Third, you have not agreed to provide similar documents relating to future Commission meetings. Documents related to a past meeting do not address Secretary Dunlap's ability to be a full member of the Commission going forward.

That said, and without waiving Secretary Dunlap's right to obtain copies of all Commission documents, we will accept your offer (without prejudice to seeking broader relief, including that sought in the preliminary objection motion which is now *sub judice*) if you are amenable to the following terms. First, Defendants should identify by *Vaughn*-index entry which documents will be included in this offer. Such identification would allow the parties to narrow their dispute, consistent with the Court's instructions. Second, Defendants should deliver the documents to Secretary Dunlap's counsel in a secure electronic manner. Pending further guidance from the Court, and with the understanding that the arrangement, in our view, does not adequately address Secretary Dunlap's rights, we are willing to agree to an appropriate protective order that would limit these documents to "Attorneys Eyes Only" except for provisions (1) allowing us to use them as necessary in this litigation including, if necessary, filing them under seal with the Court; and (2) allowing Secretary Dunlap to view them but not take possession of them or take notes, consistent with the terms of your original offer. While we do not necessarily agree that allowing Secretary Dunlap to take possession of or take notes on the documents would trigger new FACA obligations, we believe our proposed terms would satisfy your concerns about the potential implications of providing the documents to Secretary Dunlap.

By accepting your offer under these conditions, Secretary Dunlap does not concede that this process satisfies Defendants' duties under FACA. Secretary Dunlap is hopeful that the opportunity to view these documents, together with substantive responses to his attempts to narrow the universe of documents at issue, will help the parties to compromise and will lead to his meaningful participation on the Commission.

We look forward to your response.

Very truly yours,

/s/ Harry Sandick

(admitted *pro hac vice*)

cc: Elizabeth J. Shapiro, Esq.
    Carol Federighi, Esq.
    Kristina A. Wolfe, Esq.