IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW DUNLAP,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PRESIDENTIAL ADVISORY<br>COMMISSION ON ELECTION<br>INTEGRITY *et al.*,<br><br>　　　　　　Defendants. | Civil Docket No. 17-cv-2361 (CKK) |

## NOTICE OF COMPLIANCE

In compliance with this Court's June 27, 2018 Order, Defendants have produced to plaintiff the documents required by that order. This production was sent to plaintiff's counsel by Federal Express, overnight delivery, today, July 18, 2018.

In accordance with the Court's order, defendants have produced "relevant documents that *any* of the former commissioners generated or received." June 27 Op. at 22, ECF No. 52. As directed by this Court, defendants interpreted "relevant" documents in light of the three examples of "substantive disclosures" that the Court identified in its December 22, 2017 Order. Dec. 22 Op. at 18, ECF No. 33; *see also* June 27 Op. at 22 ("Defendants must produce the documents discussed in the Court's December 22, 2017, decision through the time of the Commission's termination."). Accordingly, defendants have produced substantive documents generated or received by any of the former Commissioners about the Commission's operation, activities, or future plans. These materials extend through the Commission's termination. *See* June 27 Op. at 22.

Because they are not of the type of "relevant materials" identified in this Court's December 22, 2017 Order, defendants have not produced materials that are subject to the attorney client or attorney work product privileges (*e.g*., communications with Vice Chair Kobach and Commission staff about pending litigation, litigation hold material sent to all Commissioners, or communications with Commissioners about gathering documents for purposes of compliance with a court order in *Lawyers' Committee for Civil Rights v. Presidential Advisory Commission on Election Integrity*, Civil No. 17-cv-1354 (CKK)).  Defendants have also not produced personal materials gathered or received by the former Commissioners (*e.g*., travel documentation, ethics forms, and expense reimbursement forms), or materials that already have been posted publicly on the Commission website.  Several of the former Commission members also received unsolicited comments from the public.  While defendants do not believe these documents fall within this Court's order, which only identified "material that commissioners solicited and subsequently received from third parties," June 27 Op. at 22, to the extent the White House was provided electronic copies of these materials, they have been produced to plaintiff.

Defendants have also produced several drafts of an outline for a potential staff or Commission report, prepared by former Commission staff.  *See* June 27 Op. at 19-20.  These documents were not shared with any former Commissioner, or (with the exception of litigation counsel) outside of the Office of the Vice President.  These draft documents do not propose or otherwise contain preliminary findings, conclusions, or recommendations of the Commission.  Finally, defendants also have produced documents related to the September 12, 2017 meeting

that were not shared with any former Commissioner, as they had originally offered to do.[1]  *See id.* at 21.

Dated:  July 18, 2018                                Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Joseph E. Borson*
CAROL FEDERIGHI
Senior Trial Counsel
KRISTINA A. WOLFE
JOSEPH E. BORSON
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 514-1944 / Fax: (202) 616-8460
E-mail: Joseph.Borson@usdoj.gov

---

[1] With the exception of documents described above, defendants have not produced emails internal to the White House that were never shared with any former commissioner, as these are not within the scope of this Court's order.  *See* June 27 Op. at 22.  Defendants have also not re-produced back to plaintiff the materials that he provided to the White House Office of Records Management.