UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW DUNLAP,<br>　　　*Plaintiff*,<br>　v.<br>PRESIDENTIAL ADVISORY COMMISSION ON ELECTION INTEGRITY, *et al.*,<br>　　　*Defendants.* | Civil Action No. 17-2361 (CKK) |

ORDER
(August 13, 2018)

　　　The Court has received the parties' [54] Joint Status Report, which illustrates their disagreement as to the extent of Defendants' compliance with the Court's preliminary injunction in this case. *See generally* Mem. Op., ECF No. 33 (granting preliminary injunctive relief of specified scope); Mem. Op., ECF No. 52 (denying reconsideration).[1] Based on the nature of this disagreement, neither a motion to compel nor merits briefing would be the most efficient method of proceeding at the present time.

　　　At the threshold, Plaintiff appears not to fully appreciate the limits of the Court's remaining role with respect to documents associated with the now-defunct Presidential Advisory Commission on Election Integrity ("Commission"). As Defendants correctly observe, the Court has recognized that management of the Commission documents is now properly the province of the President and Vice President, in conjunction with the Archivist, pursuant to the Presidential Records Act ("PRA"). *See* Mem. Op., ECF No. 52, at 28-29 (citing *Armstrong v. Exec. Office of the President*, 1 F.3d 1274, 1294 (D.C. Cir. 1993); *Armstrong v. Bush*, 924 F.2d 282, 290 (D.C. Cir. 1991)). The Court is generally prohibited from supervising Defendants' records collection efforts now that the Commission has been dissolved. *See id.* Plaintiff's attempt to effectively obtain an accounting of certain aspects of that collection process—e.g., which former commissioners sent in documents in response to the White House's requests, and when did they do so—is accordingly misplaced.

　　　Under the terms of the Court's preliminary injunction, however, the Court does still have a role in ensuring that Plaintiff, as a former commissioner, receives certain documents that Defendants have designated as Commission records for purposes of compliance with the PRA. There are indications that Defendants are construing the Court's preliminary injunction too narrowly. *See* Joint Status Report, ECF No. 54, at 14-15 (describing Defendants' production as containing "'relevant documents that *any* of the former commissioners generated or received,' but . . . not producing records where no commissioner was involved with the exception of certain

---

[1] In an exercise of its discretion, the Court finds that a teleconference or other hearing would not be of assistance in rendering this decision. *See* LCvR 7(f).

1

identified categories of material" (quoting Notice of Compliance, ECF No. 53)). For instance, the Court's Memorandum Opinion of December 22, 2017, did *not* limit the documents to which Plaintiff was entitled to those relevant documents that any of the former commissioners generated or received; such language in the Memorandum Opinion of June 27, 2018, simply specifies one among other parameters for the production. *See* Mem. Op., ECF No. 33, at 18; Mem. Op., ECF No. 52, at 22. The three types of documents that the Court identified as examples when it granted injunctive relief on December 22, 2017, were not confined to those generated or received by any of the former commissioners. *See* Mem. Op., ECF No. 33, at 18.

Plaintiff may be entitled to more of the Commission documents than Defendants already have produced. But without further description of the documents that Defendants have withheld, neither Plaintiff nor the Court is able to adequately assess the extent of Defendants' compliance with this Court's preliminary injunction. Nor are Defendants correct to cite FOIA precedent suggesting that they need not identify and produce non-responsive documents. *See* Joint Status Report, ECF No. 54, at 12-13 (citing, e.g., *Competitive Enter. Inst. v. EPA*, 12 F. Supp. 3d 100, 114 (D.D.C. 2014)). Here the Court is supervising compliance with its own preliminary injunction, and has identified from Defendants' own representation a potential gap in their compliance.

Accordingly, by **AUGUST 27, 2018**, Defendants shall submit a filing identifying each category of Commission documents they have *withheld* from their production to Plaintiff. The universe of documents by which Defendants should assess their withholding is the set of documents designated as Commission records and provided, or to be provided, to the Archives pursuant to the PRA. Defendants must identify the categories with sufficient specificity to enable Plaintiff to determine whether he seeks documents in those categories, and for the Court to assess his entitlement to them. Details about the categories of documents must include, but are of course not limited to, the range of dates on which documents in that category were created.

Plaintiff shall respond by **SEPTEMBER 10, 2018**, indicating, for each category, whether he seeks the documents therein and furnishing his justification for each such request. He must bear in mind the parameters for responsive documents that the Court set forth in its Memorandum Opinions of December 22, 2017, and June 27, 2018.

Upon receiving the parties' respective filings, the Court shall determine whether Plaintiff is entitled to further Commission documents. The Court may need to instruct Defendants to prepare a *Vaughn*-type index if the specificity in its forthcoming filing is insufficient to facilitate the Court's determination. The Court also shall determine whether and when to establish a schedule for merits briefing in this case.

**SO ORDERED.**

Dated: August 13, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge