# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW DUNLAP,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENTIAL ADVISORY COMMISSION ON ELECTION INTEGRITY *et al.*,<br><br>Defendants. | Civil Docket No. 17-cv-2361 (CKK) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S JUNE 14, 2019, FILING**

Plaintiff's five-page, single-spaced letter-brief presenting substantive arguments on the merits of the Court's January 28, 2019, Memorandum Opinion and Order (ECF No. 64) is improper.

First, Plaintiff's filing does not contest the accuracy of the only information to which Plaintiff was authorized to respond, the information in the Second Droege Declaration (ECF No. 79-1). After Defendants submitted a "declaration identifying the dates on which each and every commissioner was appointed to the Commission and, where applicable, resigned from or otherwise left the Commission prior to its termination," Minute Order (Jun. 11, 2019), the Court provided Plaintiff with "an opportunity to respond to Defendants' [declaration] with any further information by June 14, 2019," Minute Order (Jun. 13, 2019). Plaintiff's letter brief does not provide any such "further information"; instead, it concedes that the appointment dates enumerated in the Second Droege Declaration are accurate.

Plaintiff's filing is not only unresponsive to this Court's order, but also unresponsive to the only matter pending before the Court, Defendant's fully briefed Renewed Motion for a Partial Stay Pending Appeal of the January 28, 2019, Memorandum Opinion and Order. *See* ECF Nos. 68, 70-72. There is thus no basis for Plaintiff to file a sur-reply, even if Plaintiff had sought leave to do so (which he did not). *See Toxco, Inc. v. Chu*, 801 F. Supp. 2d 1, 5 n.2 (D.D.C. 2011) ("There is no automatic right to file a sur-reply in the Federal Rules of Civil Procedure or in the Local Rules of this Court.").

Second, Plaintiff's filing is wrong on the facts. Plaintiff argues that the *Vaughn*-type index submitted in *Lawyers' Committee for Civil Rights Under Law v. Presidential Advisory Commission on Election Integrity, et al.*, Case No. 17-cv-1254, ECF No. 33-4 (Sep. 29, 2017), demonstrates that former Vice Chair Kris Kobach and former Commission members Hans von Spakovsky and Christian Adams, as well as other former members such as Plaintiff, "knew they were acting as Commissioners and conducting the work of the Commission prior to their official appointments." ECF No. 80, at 4. But, as Defendants already demonstrated in response to a similar argument, there is simply no basis for such a claim. *See* ECF No. 71, at 5. *Lawyers' Committee* did not involve a claim under *Cummock v. Gore*, 180 F.3d 282 (D.C. Cir. 1999), and Plaintiff was not a party in that lawsuit. Moreover, the Court made clear during the hearing at which it directed Defendants to prepare the *Vaughn*-type index, that the index should be over inclusive. Indeed, the Court specified that the index should identify documents that are "broad[ly]" "related" to the Commission, including documents that the Defendants "don't think are covered" by section 10(b) of the Federal Advisory Committee Act, 5 U.S.C. app. 2. Tr. of Aug. 30, 2017, Hr'g 24:3-8. The *Vaughn*-type index, therefore, was simply meant to describe

documents that existed – it did not embody any legal arguments or premises about the legal or practical status of the authors of any of the documents.

Finally, Plaintiff errs with respect to the procedural history. He argues that the Court should not "alter its January 28 Order" because the issue of whether "Secretary Dunlap's rights to certain documents turn on when Commissioners were formally appointed . . . has never been raised by Defendants during this case's long history[,]" ECF No. 80, at 4-5. But this is solely because the issue of Plaintiff's entitlement to these specific documents was never briefed. The Court's December 22, 2017, Memorandum Opinion granting Plaintiff's motion for a preliminary injunction did not expressly address the potential commissioner emails at issue here. *See* Mem. Op., ECF No. 33. Consequently, Defendants did not interpret the Court's preliminary injunction as encompassing the emails such that they needed to specifically address them in their reconsideration motion. Nor was it appropriate for Defendants to attempt to re-litigate the Court's January 28, 2019, Memorandum Opinion and Order in its Renewed Motion for a Partial Stay Pending Appeal given that they had properly appealed the Court's decision. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*).

Accordingly, the Court should not consider Plaintiff's new legal arguments in resolving Defendants' Renewed Motion for a Partial Stay Pending Appeal.

Dated: June 17, 2019							Respectfully submitted,

									JOSEPH H. HUNT
									Assistant Attorney General

									ELIZABETH J. SHAPIRO
									Deputy Director

									*/s/ Carol Federighi*
									CAROL FEDERIGHI
									Senior Trial Counsel
									KRISTINA A. WOLFE
									JOSEPH E. BORSON (Va. Bar No. 85519)
									United States Department of Justice
									Civil Division, Federal Programs Branch
									P.O. Box 883
									Washington, D.C. 20044
									Tel: (202) 514-1903
									E-mail: carol.federighi@usdoj.gov

4