IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW DUNLAP,

                Plaintiff,

v.                                     Civil Docket No. 17-cv-2361 (CKK)

PRESIDENTIAL ADVISORY
COMMISSION ON ELECTION
INTEGRITY *et al.*,

                Defendants.

## JOINT STATUS REPORT

Pursuant to this Court's June 21, 2019, and March 2, 2020, Orders, the parties submit the following joint status report.

### I. Introduction

The documents still at issue in this case are "internal and confidential documents sent to the Vice President by his staff, materials written by the Vice President's personal staff for his use, and other internal records of the Office of the Vice President ('OVP') and the Executive Office of the President ('EOP')." Order (ECF No. 64) at 1. These documents are described in more detail in the parties' October 24, 2018, and February 27, 2019, joint status reports. *See* Joint Status Report (ECF No. 63) at 3–4; Joint Status Report (ECF No. 66) at 2. Pending before the Court—and addressing whether the Federal Advisory Commission Act, the Administrative Procedure Act, and/or the Court's prior orders require disclosure of these materials to Secretary Dunlap—are Secretary Dunlap's Motion to Compel Compliance with the Court's Orders (ECF No. 73) and Defendants' Motion to Dismiss (ECF No. 74).

Defendants had appealed the Court's January 28, 2019 Order to the extent it required disclosure of emails between the Vice President's staff and individual commissioners discussing potential appointees to the Commission. On December 20, 2019, the Court of Appeals reversed this Court's Order as to that category of emails, holding that the Court lacked jurisdiction to entertain Secretary Dunlap's request for their disclosure under the Mandamus Act because he "cannot clearly and indisputably show that the emails he seeks fell within the work of the Commission," so as to make disclosure required by *Cummock v. Gore*, 180 F.3d 282, 291 (D.C. Cir. 1999). *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 944 F.3d 945, 950 (D.C. Cir. 2019).

## II.     The Effect of the D.C. Circuit's Ruling on This Case

### A.  Secretary Dunlap's Position

With respect to the documents that were the subject of the Defendants' appeal, Secretary Dunlap no longer asserts a right to those documents, as the Court of Appeals has ruled that he has no entitlement to those documents.

The Court of Appeals' decision in *Dunlap* otherwise has little or no bearing on the disposition of the documents that remain in dispute. In that decision, "the sole question" before the Court of Appeals was "whether the district court, relying on its mandamus jurisdiction, properly required the government to produce emails between the Vice President's staff and individuals who were then commissioners discussing potential appointees to the Commission." *Id.* at 947. In reversing this Court's Order, the Court of Appeals concluded that "conversations surrounding who should be on the Commission" did not indisputably "fall within the work of the Commission" for purposes of mandamus jurisdiction. *Id.* at 950. The Court of Appeals' decision is narrow: it does not reach the Defendants' separation of powers arguments, does not

address Secretary Dunlap's claims under the Administrative Procedure Act, and does not turn on whether the documents at issue are located within an executive branch office, all issues that remain to be decided by this Court in the motions *sub judice*.

The documents that remain in dispute do not relate to "who should be on the Commission," but rather to topics that are indisputably the "work of the Commission" and within the mandate the President gave to the Commission.[1] For example, among the documents still in dispute are those relating to

- "Internal discussions about data collection process"
- "Internal discussions re: data collection from third-parties"
- "Internal memos/drafts to VP re: update on Commission activities . . ."
- "Internal discussions about OVP meetings/discussion with third-parties about potential assistance to Commission"
- "Internal discussions re: response to June 28 letter . . ."
- "Internal discussion of current status of Commission and potential plans."

ECF No. 63 at 3.

Unlike the documents at issue in the appeal, these documents indisputably relate to the "work of the Commission." The decision of the Court of Appeals provides this Court with no guidance about how to decide whether Secretary Dunlap is entitled to these documents.

The fact that these documents were sent to the Vice President or generated by his staff does not implicate the Court of Appeals' analysis in its decision, given that these documents concern the substantive work of the Commission. Here, like in *Cummock*, the President decided

---

[1] There is one document still before the Court that reportedly relates to "Internal discussions and documents (e.g., briefing memos) on appointment of potential members to Commission." ECF No. 63 at 3. Secretary Dunlap no longer contests the withholding of that document.

to appoint the Vice President as chair of an advisory committee and the committee was staffed by executive branch employees. As a result of this voluntary choice, the Vice President (and Chair of the Commission) and officials within his office designated to serve as staff for the Commission engaged in substantive work on behalf of the Commission that is plainly covered by FACA. Thus the Court of Appeals in *Cummock* required the production of committee materials shared with the Vice President and materials generated or received by committee staff housed within an executive branch office. *See Cummock v. Gore*, 180 F.3d 282, 286 (D.C. Cir. 1999). On remand in *Cummock*, this Court recognized a commissioner's entitlement to such documents when it "direct[ed] the Defendants to disclose to Plaintiff *all* non-classified records or documents *of any kind* created by, made available to, or relied upon by the Commission." Mem. Order, *Cummock v. Gore*, No. 1:97-cv-00981 (June 23, 2000 D.D.C.) at 2 (emphasis added). Here, likewise, Secretary Dunlap was clearly entitled under the holding of *Cummock* (as well as under the plain terms of this Court's preliminary injunction) to the records regarding the substantive work of the Commission that remain in dispute. Nothing in the Court of Appeals' decision in *Dunlap* altered the holding of *Cummock* as it pertains the documents still in dispute.

Defendants' suggestion that the records at issue "do not pertain to 'the "work of the committee" or its "deliberative process"' relating to its mission" cannot be reconciled with the record before the Court. The President chose to designate the Vice President to be Chair of the Commission and hence communications between him and Commission staff about the substantive issues pending before the Commission plainly involve "the work of the committee." *Cummock* clearly establishes that members of an advisory committee, such as Secretary Dunlap, are entitled to substantive materials generated by members of the committee; and substantive communications between different members of the committee; and substantive communications

between a member of the committee and committee staff.  The Court of Appeals decision did nothing to disturb this basic principle of FACA and Defendants cannot evade the necessary and logical consequences of making the Vice President a member of the Commission simply by wishing it were not so.

The issues raised in the parties' respective motions remain ripe for this Court's decision; the Court of Appeals' narrow decision in *Dunlap* concerning a discrete category of documents did nothing to diminish the clear holding of *Cummock* that entitles Secretary Dunlap to the documents at issue.

### B.  Defendants' Position

The Court should withdraw that portion of its January 28, 2019, order directing disclosure of the emails at issue in the appeal (ECF No. 64, first bullet point on p. 3) and should order that Plaintiff's claims for those emails be dismissed for lack of jurisdiction.

Further, the Court of Appeals' ruling in *Dunlap* supports Defendants' pending motion to dismiss Plaintiff's claims as to the remaining documents.  Plaintiff is not "clearly and indisputably entitled" to these documents under *Cummock* for the same reasons he was not entitled to the emails discussing potential members—the documents do not pertain to "the 'work of the committee' or its 'deliberative process'" relating to its mission.  *Dunlap*, 944 F.3d at 950. Rather, the documents still at issue concern logistical matters, draft memoranda prepared to update the Vice President on the Commission's activities and litigation, and discussions within EOP and OVP concerning the future status of the Commission that were not shared outside the Office of the Vice President or the Executive Office of the President.  *See* ECF No. 74-1, at 19-20, 23-25.  None of these materials is, as Plaintiff asserts, "*substantive* materials generated by members of the committee; and *substantive* communications between different members of the

committee; and *substantive* communications between a member of the committee and committee staff," *supra* (emphasis added), and they therefore do not constitute part of the substantive "work" of the Commission.[2] *See* ECF No. 63, at 4; *see also Nat'l Anti-Hunger Coalition v. Executive Comm. of President's Private Sector Survey on Cost Control*, 557 F. Supp. 524, 529 (D.D.C. 1983) ("The Act does not cover groups performing staff functions such as those performed by the so-called task forces" because such groups do not provide advice directly to the President; instead they are utilized by the covered-committee to conduct preliminary activities necessary to the formulation of recommendations), *aff'd*, 711 F.2d 1071 (D.C. Cir. 1983).  Nor are draft memoranda prepared by the Office of the Vice President staff that were intended to updated the Vice President on the status of the Commission and the litigation involving the Commission part of the substantive work of the commission.

Further,, the Court of Appeals made clear that the mandamus standard is "demanding" and that mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes," *Dunlap*, 944 F.3d at 949, citing *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004), where, as here, separation of powers principles are implicated.  Plaintiff has not made such a showing here that his claim to internal records of the White House and OVP is a "really extraordinary cause."  Moreover, in *Cheney*, the Supreme Court emphasized that "separation-of-powers considerations should inform a [court's] evaluation of a mandamus petition involving the President or the Vice President."  542 U.S. at 382.  This guidance instructs that, when applying FACA against the President, Vice President, or their staffs, as Plaintiff seeks to do here, courts

---

[2] Plaintiff fully explicated the arguments set forth above in his pending motion papers, and the government responded.  *See generally*, ECF Nos. 73, 74, 75, 77, 78, 88.  Accordingly, we do not repeat those arguments here, in a status report meant to address the impact of the D.C. Circuit's recent ruling.

must interpret the statute narrowly, in order to avoid separation-of-powers concerns. Accordingly, absent any clear textual command that these types of material must be released – and there is none – FACA must be read narrowly to conclude that neither *Cummock* nor FACA clearly and indisputably entitled Plaintiff to these remaining documents. Defendants' motion to dismiss should be granted, and Plaintiff's motion to compel compliance should be denied.

### III.    Proposals for Further Proceedings

Dispositive motions are fully briefed, the parties have stated their positions regarding the applicability of *Dunlap* above, and the parties believe that further briefing is unnecessary. Should the Court determine that such briefing would assist the Court, both parties are prepared to supplement their motion papers.

Dated: March 6, 2020                                            Respectfully submitted,

PATTERSON BELKNAP WEBB &                      AMERICAN OVERSIGHT
TYLER LLP                                                             Austin R. Evers (D.C. Bar No. 1002367)
                                                                              Melanie Sloan (D.C. Bar No. 434584)
*/s/ Harry Sandick*                                                John E. Bies (D.C. Bar No. 483730)
Daniel S. Ruzumna (D.C. Bar No. 450040)         1030 15th Street NW, B255
Harry Sandick (admitted pro hac vice)                Washington, DC 20005
1133 Avenue of the Americas                              Tel: (202) 869-5246
New York, N.Y. 10036                                         austin.evers@americanoversight.org
Tel: (212) 336-2000                                              msloan@americanoversight.org
Fax: (212) 336-2222                                             john.bies@americanoversight.org
druzumna@pbwt.com
hsandick@pbwt.com                                         *Attorneys for Plaintiff Matthew Dunlap*

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/Kristina A. Wolfe*
CAROL FEDERIGHI
Senior Trial Counsel
KRISTINA A. WOLFE
JOSEPH E. BORSON (VA Bar No. 85519)
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 353-4519
E-mail: kristina.wolfe@usdoj.gov

*Counsel for Defendants*